UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DIAN A. NEMBHARD,

    Plaintiff,

v.

ASSET ACCEPTANCE, LLC, AND
JENNIFER ANN SESTA,

    Defendants.
_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants sent documents to Plaintiff within this district.

## PARTIES

3.     Plaintiff, DIAN A. NEMBHARD, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.     Defendant, ASSET ACCEPTANCE, LLC, ("ASSET") is a limited liability company formed under the laws of the State of Delaware and citizen of the State of

Delaware and Michigan with its principal place of business at Suite 300, 320 East Big Beaver Road, Troy, Michigan 48083.

5. Asset is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Midland Credit Management, Inc., Suite 100, 8875 Hidden River Parkway, Tampa, Florida 33637.

6. Asset is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Asset regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant, JENNIFER ANN SESTA, ("Sesta") is a member of the Florida Bar and citizen of the State of Florida believed to reside in Hillsborough County, Florida.

9. Sesta regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendants are "debt collectors" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

11. Defendants sought to collect from Plaintiff an alleged debt originally due to Gateway Computers regarding Plaintiff's alleged purchase of a computer used for personal, family or household purposes.

12. Defendant Asset acquired the alleged debt after it went into default.

13. On or about September 5, 2006, Asset filed suit against Plaintiff in County Court in Miami-Dade County seeking to confirm an arbitration award regarding the alleged debt.

14. On or about June 4, 2007, Asset obtained a default judgment against Plaintiff in the amount of $2,363.13.

15. On or about October 11, 2017, Asset through its counsel, Sesta filed a Motion for a Continuing Writ of Garnishment against Plaintiff's wages from her employer, Richmond Perrine Optimist Club, Inc. of Miami Florida, attached as Exhibit "A".

16. On or about November 9, 2017, the County Court entered a continuing writ or garnishment against Plaintiff's wages from her employer, Richmond Perrine Optimist Club, Inc. of Miami Florida.

17. On or about November 24, 2017, Plaintiff received her paycheck for the two-week period ending November 19, 2017 showing that her employer garnished $129.28 on a gross pay check in the amount of $600.00.

18. On or about November 27, 2017, Plaintiff filed, through her state court counsel, Joel D. Lucoff, a Claim of Exemption and Request for Hearing, attached as Exhibit "B". The document was served on Sesta as counsel for Asset and informed Defendants that Plaintiff was represented by counsel, Joel D. Lucoff, in the state court case.

19. On or about November 28, 2017, Plaintiff's counsel, Donald A. Yarbrough sent an email to Sesta stating:

> Jennifer,
>
> Joel Lucoff and I represent Ms. Nembhard regarding the suit against her by Asset Acceptance. We filed a claim of exemption yesterday. Attached are Ms. Nembhard's 2016 tax return and recent pay stubs. Ms. Nembhard supports both herself and her physically disabled adult son, who is claimed on her tax return as a dependent. Her income is relatively low and her son's sole income is social security disability of under $1,000 per month. She has no income other than her employment. She is exempt from garnishment. Her pay check for last week was garnished and the reduced amount is a serious impediment to the family's well being. Please let me know if Asset will file an agreed order granting her claim of exemption.

20. On December 1, 2017, Plaintiff was unable to pay her rent due to the garnishment.

21. On or about December 5, 2017, Sesta certified that she mailed directly to Plaintiff, not her counsel, a Second Notice to Defendant regarding the garnishment, attached as Exhibit "C". Plaintiff received the notice delivered to her via US Mail at her residence on or about December 8, 2017.

22. On or about December 7, 2017, Sesta responded to the November 28, 2017 email stating "Ms. Nembhard must have retained 2 attorneys. I received all the docs yesterday and dissolved the writ. If it hasn't been e-filed yet, it will be shortly."

23. On December 7, 2017, Plaintiff received a three-day notice to pay rend due December 1, 2017 or deliver possession of her residence back to her landlord, attached as Exhibit "D".

24. On or about December 8, 2017, Plaintiff received her paycheck for the two-week period ending December 3, 2017 showing that her employer garnished $158.66 on a gross pay check in the amount of $750.00.

25. On or about December 14, 2017, Sesta filed Plaintiff's Notice of Dissolution of Continuing Writ of Garnishment, attached as Exhibit "E". This document references Wells Fargo Bank as garnishee, not Plaintiff's employer, Richmond Perrine Optimist Club, Inc. of Miami Florida and recites service on Wells Fargo Bank, not Plaintiff's employer. More confusingly, it is filed on behalf of Midland Funding, LLC, who is not a party to the state court case and not on behalf of Asset Acceptance, LLC who initiated the Writ of Garnishment. Sesta certified service not to Plaintiff's counsel but directly to Plaintiff at her home address. Plaintiff received the notice delivered to her via US Mail at her residence shortly after Sesta mailed to her.

26. On or about December 22, 2017, Plaintiff received her paycheck for the two-week period ending December 17, 2017 showing that her employer garnished her wages.

27. As of the filing of this suit Plaintiff has not yet received her paycheck for the period ending December 31, 2017 which she normally would receive on the Friday after the end of the pay period or January 8, 2018.

28. As of the filing of this suit neither Asset or Sesta have dissolved the Writ of Garnishment issued to her employer and continue to garnish Plaintiff's wages.

29. Sesta's December 7, 2017 email correspondence stating that she had dissolved the Writ of Garnishment was false and misleading for two reasons, one, she represented that the Writ had already been dissolved and, two, she represented that the dissolution either had been filed or would shortly be filed with the county court when it was not filed until a week later on December 14, 2017.

30.     Defendants filing of their Notice of Dissolution of Continuing Writ of Garnishment, Exhibit "E", as a purported dissolution of the Continuing Writ of Garnishment against Plaintiff's wages falsely and misleadingly failed to dissolve the Continuing Writ of Garnishment because it was not filed on behalf of Asset and was not filed with respect to the garnishment on Plaintiff's wages.

31.     Defendants have unreasonably delayed in dissolving the Continuing Writ of Garnishment against Plaintiff's Wages.

32.     Under Florida law, Plaintiff had a legal right to a hearing within 5 days of her filing of her November 27, 2017, Claim of Exemption and Request for Hearing, Exhibit "B" that would have resulted in the county court ordering the immediate dissolution of the Continuing Writ of Garnishment which she was led to forgo by Defendants' false representations that they had already dissolved the Writ and would file the dissolution with the court shortly.

33.     From November 27, 2017 on, Defendants knew Plaintiff was represented by an attorney, Joel D. Lucoff, with respect to the alleged debt.

34.     Plaintiff's attorney, Joel D. Lucoff, had not consented to Defendants' direct communication with Plaintiff.

35.     Plaintiff's attorney, Joel D. Lucoff, had not failed to respond to any communication of Defendant within a reasonable amount of time.

36.     No court had authorized Defendants' direct communication with Plaintiff.

37. Plaintiff has incurred actual damages including emotional stress as a result of Defendants improper actions and failure to take proper and prompt action regarding the dissolution of the Continuing Writ of Garnishment on Plaintiff's wages.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2) by ASSET REGARDING SECOND NOTICE TO DEFENDANT

38. Plaintiff incorporates Paragraphs 1 through 37.

39. Defendant, Asset, communicated directly with Plaintiff regarding the Second Notice to Defendant, Exhibit "C", it mailed directly to Plaintiff on or about December 5, 2017 when Asset knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Asset for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2) by ASSET REGARDING NOTICE OF DISSOLUTION OF CONTINUING WRIT OF GARNISHMENT

40. Plaintiff incorporates Paragraphs 1 through 37.

41. Defendant, Asset, communicated directly with Plaintiff regarding Asset's Notice of Dissolution of Continuing Writ of Garnishment, Exhibit "E", it mailed directly

to Plaintiff on or about December 14, 2017 when Asset knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Asset for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2) by SESTA REGARDING SECOND NOTICE TO DEFENDANT

42.    Plaintiff incorporates Paragraphs 1 through 37.

43.    Defendant, Sesta, communicated directly with Plaintiff regarding the Second Notice to Defendant, Exhibit "C", she mailed directly to Plaintiff on or about December 5, 2017 when she knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Sesta for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2) by SESTA REGARDING NOTICE OF DISSOLUTION OF CONTINUING WRIT OF GARNISHMENT

44. Plaintiff incorporates Paragraphs 1 through 37.

45. Defendant, Sesta, communicated directly with Plaintiff regarding Asset's Notice of Dissolution of Continuing Writ of Garnishment, Exhibit "E", she mailed directly to Plaintiff on or about December 14, 2017 when she knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Sesta for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## DECEPTIVE COLLECTION PRACTICE IN VIOLATION OF 15 U.S.C §1692e AGAINST ASSET REGARDING FALSE REPRESENTATIONS CONCERNING THE DISSOLUTION

46. Plaintiff incorporates Paragraphs 1 through 37.

47. By representing that Asset had dissolved the Continuing Writ of Garnishment and had either filed the dissolution with the court or would do so shortly, when Asset did not file it for another week, Asset engaged in a deceptive practice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Asset for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VI
## DECEPTIVE COLLECTION PRACTICE IN VIOLATION OF 15 U.S.C §1692e AGAINST SESTA REGARDING FALSE REPRESENTATIONS CONCERNING THE DISSOLUTION

48. Plaintiff incorporates Paragraphs 1 through 37.

49. By representing that Sesta had dissolved the Continuing Writ of Garnishment and had either filed the dissolution with the court or would do so shortly, when she did not file it for another week, Sesta engaged in a deceptive practice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Sesta for:

   a. Damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

## COUNT VII
## DECEPTIVE COLLECTION PRACTICE IN VIOLATION OF 15 U.S.C §1692e AGAINST ASSET REGARDING DELAY IN FILING THE DISSOLUTION

50. Plaintiff incorporates Paragraphs 1 through 37.

51. By delaying the filing of the dissolution, which it has still not yet filed, Asset engaged in a deceptive practice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Asset for:

   a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## COUNT VIII
## DECEPTIVE COLLECTION PRACTICE IN VIOLATION OF 15 U.S.C §1692e AGAINST SESTA REGARDING DELAY IN FILING THE DISSOLUTION

52. Plaintiff incorporates Paragraphs 1 through 37.

53. By delaying the filing of the dissolution, which she has still not yet filed, Sesta engaged in a deceptive practice in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Sesta for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

  c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donyarbrough.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

11